IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Department of Justice, Antitrust Division<br>325 7th Street, N.W., Suite 300<br>Washington, D.C., 20530,<br><br>Plaintiff,<br><br>v.<br><br>ICONIX BRAND GROUP, INC.,<br>1450 Broadway, 4th Floor<br>New York, New York 10018<br><br>Defendant. | Civil Action No.<br><br>Filed:<br><br>COMPLAINT FOR CIVIL<br>PENALTY FOR FAILURE<br>TO COMPLY<br>WITH THE PREMERGER<br>REPORTING REQUIREMENTS<br>OF 15 U.S.C. § 18a<br>THE HART-SCOTT-RODINO ACT |

## COMPLAINT

The United States of America, Plaintiff, by its attorneys acting under the direction of the Acting Attorney General of the United States, brings this civil action to obtain monetary relief in the form of a civil penalty against the Defendant named herein for undertaking the acquisition described herein without first having submitted required documents to the Federal Trade Commission and Department of Justice in accordance with the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and alleges as follows:

**I.     JURISDICTION AND VENUE**

1.     This Complaint is filed and these proceedings are instituted under Section 7A of the Clayton Act, 15 U.S.C. § 18a, also known as Title II of the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("the Act"), to recover a civil penalty for violation of the Act.

2.     This Court has jurisdiction over the defendant and over the subject matter of this action

pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355.

3. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1395, 18 U.S.C. § 22, and because the defendant has consented to personal jurisdiction in this District.

## II. THE DEFENDANT

4. Defendant Iconix Brand Group Inc. ("Iconix") is incorporated in the state of Delaware with its principal place of business at 1450 Broadway, New York, New York 10018. Iconix owns a diversified portfolio of fashion brands. Iconix licenses its brands to retailers and manufacturers worldwide and specializes in marketing its portfolio of brands.

5. Defendant Iconix at all times pertinent to this complaint was engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1).

## III. THE ACQUISITION

6. Beginning sometime in late 2006 or early 2007, Defendant Iconix began negotiating to acquire certain of the assets and rights related to the business of licensing and brand managing the Rocawear® names, brands, trademarks, intellectual property and related names worldwide (the "Rocawear Assets") of Rocawear Licensing LLC, a New Jersey limited liability company ("Rocawear Licensing"). Those negotiations culminated in an Asset Purchase Agreement, dated March 6, 2007.

7. On or about March 30, 2007, Defendant Iconix completed its acquisition of the Rocawear Assets ("the Acquisition"), pursuant to the March 6, 2007 Asset Purchase Agreement.

8. Defendant Iconix paid $204 million for the Rocawear Assets. Defendant Iconix obtained

more than $200 million in financing from Lehman Brothers Inc. in order to complete the Acquisition.

## IV. THE HART-SCOTT-RODINO ACT AND RULES

9. The Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the Federal Trade Commission ("FTC") and the Department of Justice (collectively, the "federal antitrust agencies") and to observe a waiting period before consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a(a) and (b). The notification and waiting period are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions. The waiting period is also designed to provide the federal antitrust agencies an opportunity to investigate proposed transactions and determine whether to seek an injunction to prevent consummation of transactions that may violate the antitrust laws.

10. Section (d)(1) of the HSR Act, 15 U.S.C. § 18a(d)(1), authorizes the Federal Trade Commission, with the concurrence of the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice, to require that the notification required by the Act be in such form and contain such documentary material and information relevant to a proposed acquisition as is necessary and appropriate to determine whether such acquisition, if consummated, may violate the antitrust laws. Pursuant to section (d)(2) of the Act, 15 U.S.C. § 18a(d)(2), Premerger Notification Rules were promulgated to carry out the purposes of the Act, 16 C.F.R. §§ 801-803 ("Rules"). These Rules require that notification be provided to the FTC and the Department of Justice in accordance with a Notification and Report Form which is made a part of the Rules. 16 C.F.R.§ 803.1 and appendix to 16 C.F.R. Part 803.

11. Among the documentary material required by the Rules to be submitted as a part of the premerger notification are:

> all studies, surveys, analyses and reports which were prepared by or for any officer(s) or director(s) (or, in the case of unincorporated entities, individuals exercising similar functions) for the purpose of evaluating or analyzing the acquisition with respect to market shares, competition, competitors, markets, potential for sales growth or expansion into product or geographic markets.

Instructions to Notification and Report Form, appendix to 16 C.F.R. pt. 803. These documents are required in response to Item 4(c) of the Notification and Report Form.

12. Section 803.6(a)(2) and (b) of the Rules requires that an officer or director of the corporation certify that:

> This NOTIFICATION AND REPORT FORM, together with any and all appendices and attachments thereto, was prepared and assembled under my supervision in accordance with instructions issued by the Federal Trade Commission. Subject to the recognition that, where so indicated, reasonable estimates have been made because books and records do not provide the required data, the information is, to the best of my knowledge, true, correct, and complete in accordance with the statute and rules.

16 C.F.R. § 803.6(a)(2) and (b); Notification and Report Form, appendix to 16 C.F.R. pt. 803.

13. Section (g)(1) of the Act provides that any person who fails to comply with the Act shall be liable to the United States for a civil penalty for each day during which such person is in violation of the Act. 15 U.S.C. § 18a(g)(1). The maximum amount of civil penalty is $11,000 per day, pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note) and FTC Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54548 (Oct. 21, 1996).

## V.     VIOLATION

14.     On March 14, 2007, Defendant Iconix and Rocawear Licensing each filed a Notification and Report Form with the FTC and the Antitrust Division of the Department of Justice ("Antitrust Division") for the Acquisition, as the Act and Rules required.  Neither Defendant Iconix nor Rocawear Licensing stated on their Forms that there were documents responsive to Item 4(c), and neither submitted any documents responsive to that section.

15.     The March 14, 2007 submission included, as is required and described in Paragraph 13, a sworn statement by Neil Cole, President and CEO of Defendant Iconix that "This NOTIFICATION AND REPORT FORM, together with any and all attachments thereto, was prepared and assembled under my supervision in accordance with instructions issued by the Federal Trade Commission. . . . [T]he information is, to the best of my knowledge, true, correct, and complete in accordance with the statute and rules."

16.     Approximately one week after the Notification and Report Forms were filed, in March 2007, an FTC staff member spoke to counsel for Defendant Iconix.  The FTC staff member notified Defendant Iconix that the lack of any documents responsive to Item 4(c) appeared unusual, and he sought confirmation that an appropriate search had been conducted for such documents.  In response, Defendant Iconix's counsel stated that the company had duly searched for documents responsive to Item 4(c) and that no such documents existed.

17.     In late March 2007, the Antitrust Division and FTC notified Defendant Iconix and Rocawear Licensing that neither agency intended to investigate or challenge the competitive effects of the Acquisition, thereby granting Defendant Iconix and Rocawear's requests for early termination of the waiting period.

18. On March 30, 2007, Defendant Iconix completed its acquisition of the Rocawear Assets.

19. To determine whether Defendant Iconix in fact had undertaken an acquisition requiring more than $200 million in financing without its officers or directors having prepared or reviewed documents that evaluated or analyzed the proposed acquisition with regard to competitive factors that would be responsive to Item 4(c), the Antitrust Division opened an investigation on April 6, 2007. The Antitrust Division issued a civil investigative demand to Defendant Iconix on May 1, 2007. That civil investigative demand sought documents concerning the Rocawear Acquisition.

20. In response to the Civil Investigative Demand, Defendant Iconix produced several documents. Those documents include:

> (A) An email addressed "To the Iconix directors," and also sent to several of Defendant Iconix's officers, evaluating and analyzing the proposed acquisition of the Rocawear Assets with respect to expansion into product and geographic markets. This email describes Rocawear as a "leader in the urban lifestyle category" and specifically states that this acquisition is "a great opportunity to expand into this market segment. . . . As well, we see upside opportunities in new categories . . . , plus international tie-ins";
>
> (B) A presentation sent to the Executive Vice President of Defendant Iconix describing "Rocawear's presence in the urban lifestyle market," charting the increase in the Rocawear Assets' share of that market over the past three years, and comparing the market share of the Rocawear Assets with that of various other competitors; and
>
> (C) Materials prepared for the February 27, 2007 meeting of the Board of Directors of

>Defendant Iconix and sent to all of the members of that Board; the materials included the same market share charts described above in (B).

21. The documents described in Paragraph 20 were prepared by or for Defendant Iconix's officers or directors and evaluated and analyzed the proposed acquisition with respect to market shares, competition, competitors, markets, and potential for sales growth or expansion into product or geographic markets. These documents were readily accessible to Defendant Iconix and were required to have been submitted in response to Item 4(c) of the Notification and Report Form.

22. Defendant Iconix failed to submit documents that it knew or should have known were responsive to Item 4(c) of the Notification and Report Form. Having failed to submit those documents identified in Paragraph 20, Defendant Iconix did not comply with the reporting and waiting requirements of the Act and Rules before consummating the Acquisition on March 30, 2007.

23. On May 23, 2007, Defendant Iconix recertified a revised version of its original Notification and Report Form with documents in response to Item 4(c), including the documents described in paragraph 20. The Act's waiting period expired June 22, 2007.

24. Defendant Iconix was in continuous violation of the Act from March 30, 2007 through June 22, 2007.

## VI.    RELIEF

WHEREFORE, Plaintiff prays:

1. That the Court adjudge and decree that Defendant's purchase of the Rocawear Assets on or about March 30, 2007 was in violation of the Act, 15 U.S.C. § 18a, and that the

Defendant was in violation of the Act each day of the period from March 30, 2007 through June 22, 2007;

2. That the Court order the Defendant pay to the United States an appropriate civil penalty as provided by Section (g)(1) of the Act, 15 U.S.C. § 18a(g)(l);

3. That the Court order further relief as the Court may deem just and proper; and

4. That the Court award the Plaintiff its costs of this suit.

Dated: Oct. 15th, 2007

FOR THE PLAINTIFF UNITED STATES OF AMERICA:

_____
THOMAS O. BARNETT  (DC Bar 426840)
Assistant Attorney General
Antitrust Division

_____
DAVID L. MEYER  (DC Bar 414420)
Deputy Assistant Attorney General
Antitrust Division

_____
J. ROBERT KRAMER II
Director of Operations

_____
JOHN R. READ  (DC Bar 419373)
Chief, Litigation III
NINA B. HALE
Assistant Chief, Litigation III

_____
AVERY W. GARDINER  (DC Bar 481404)
MATTHEW J. BESTER  (DC Bar 465374)
Trial Attorneys

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

United States of America

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Iconix Brand Group

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___New York___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Avery Gardiner (202) 307-2328
Matt Bester
US Department of Justice, Antitrust Division
325 7th St. NW Suite 300  Washington, DC  20530

### ATTORNEYS (IF KNOWN)

Thomas M. Dyer (202) 772-5800
Blank Rome LLP
600 New Hampshire Ave. NW
Washington, DC  20037

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- (●) 1 U.S. Government Plaintiff
- ( ) 2 U.S. Government Defendant
- ( ) 3 Federal Question (U.S. Government Not a Party)
- ( ) 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### (●) A. Antitrust

- [X] 410 Antitrust

### ( ) B. Personal Injury/Malpractice

- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ( ) C. Administrative Agency Review

- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ( ) D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ( ) E. General Civil (Other)      OR      ( ) F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Section 7A of the Clayton Act, 15 U.S.C. § 18a. Failure to comply with pre-merger filing requirements.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ agreed upon fine  Check YES only if demanded in complaint
JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 10/4/07  SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.