IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Department of Justice, Antitrust Division<br>325 7th Street, N.W., Suite 300<br>Washington, D.C., 20530,<br><br>Plaintiff,<br><br>v.<br><br>**ICONIX BRAND GROUP, INC.,**<br>1450 Broadway, 4th Floor<br>New York, New York 10018<br><br>Defendant. | Civil Action No.<br><br>Filed:<br><br>COMPLAINT FOR CIVIL PENALTY FOR FAILURE TO COMPLY WITH THE PREMERGER REPORTING REQUIREMENTS OF 15 U.S.C. § 18a THE HART-SCOTT-RODINO ACT |

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff United States, having filed its Complaint in the above-captioned case, and having filed on this date a Stipulation and proposed Final Judgment, hereby moves this Court for entry of a Final Judgment against defendant Iconix Brand Group, Inc. ("Iconix"). By agreement of the parties, the Final Judgment provides for the payment of a civil penalty totaling $550,000 by defendant pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1).

## STATEMENT OF POINTS AND AUTHORITIES

The Complaint in this action alleges that the defendant violated Title II of the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("HSR Act" or "Act"), Section 7A of the Clayton Act, 15 U.S.C. § 18a, which requires certain acquiring persons and certain persons

whose voting securities or assets are to be acquired to file notification with the Department of Justice and the Federal Trade Commission and to observe a waiting period before consummating certain acquisitions of voting securities or assets. The Complaint alleges that the defendant was in continuous violation of the HSR Act each day during the period beginning on March 30, 2007, through June 22, 2007. Under section (g)(1) of the Hart-Scott-Rodino Act, 15 U.S.C. § 18a(g)(1), any person who fails to comply with the Act shall be liable to the United States for a civil penalty of not more than $11,000 for each day during which such person is in violation of the Act.[1] Accordingly, the Complaint seeks "appropriate civil penalties." As the Stipulation and proposed Final Judgment state, the defendant has agreed to pay civil penalties totaling $550,000 within thirty days of entry of the Final Judgment.

The procedures of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16 (b)-(h), are not required in this action. The APPA requires that any proposal for a "consent judgment" submitted by the United States in a civil case filed "under the antitrust laws" be filed with the court at least sixty days in advance of its effective date, published in the Federal Register and a newspaper for public comment, and reviewed by the court for the purpose of determining whether it is in the public interest. Key features of the APPA are preparation by the United States of a "competitive impact statement" explaining the proceeding and the proposed judgment, and the consideration by the court of the proposed judgment's competitive impact and its impact on the public generally as well as individuals alleging specific injury from the violation set forth in the complaint.

---

[1] The maximum daily civil penalty, which had been $10,000, was increased to $11,000 for violations occurring on or after November 20, 1996, pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134 § 31001(s) and FTC Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54548 (Oct. 21, 1996).

Because the Complaint seeks, and the Final Judgment provides for, only the payment of civil penalties, the procedures of the APPA are not required in this action. A consent judgment in a case seeking only monetary penalties is not the type of "consent judgment" contemplated by the APPA. Civil penalties are intended to penalize a defendant for violating the law, and, unlike injunctive relief, have no "competitive impact," and no effect on other persons or on the public generally, within the context of the APPA. The legislative history of the APPA does not contain any indication that Congress intended to subject settlements of civil penalty actions to its competitive impact review procedures. No court to date has required use of APPA procedures in cases involving only the payment of civil penalties.[2]

For the above reasons, the United States asks the Court to enter the Final Judgment in this case.

Dated: Oct. 15th, 2007

Respectfully submitted,

/s/ Avery W. Gardiner
Avery W. Gardiner (DC Bar 481404)
Matthew J. Bester

Trial Attorneys
U.S. Department of Justice
Antitrust Division
Litigation III Section
325 7th Street, N.W., Suite 300

---

[2] *See, e.g., United States v. Manulife Fin. Corp.*, 2004-1 Trade Cas. (CCH) ¶ 74,426 (D.D.C.); *United States v. The Hearst Trust*, 2001-2 Trade Cas. (CCH) ¶ 73,451 (D.D.C.); *United States v. Input/Output Inc.*, 1999-1 Trade Cas. (CCH) ¶ 72,528 (D.D.C.); *United States v. Blackstone Capital Partners II Merchant Banking Fund et al.*, 1999-1 Trade Cas. (CCH) ¶ 72,484 (D.D.C.); *United States v. Gates*, 2004-1 Trade Cas. (CCH) ¶ 74,417 (D.D.C.); and *United States v. Qualcomm Inc. and Flarion Tech. Inc.*, 2006-1 Trade Cas. (CCH) ¶ 75,195 (D.D.C.). In each case, the United States noted the issue in a motion for entry of judgment, explaining that the APPA did not apply.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October 2007, I caused a copy of the foregoing Motion of Plaintiff United States For Entry of Final Judgment to be mailed, by U.S. mail, postage prepaid, to the attorney listed below.

_____
Travis Chapman

For Iconix Brand Group Inc.:

Thomas M. Dyer
Blank Rome, LLP
400 New Hampshire Ave. NW
Washington, DC 20037